STRADLING, Respondent, vs. NELSON, Appellant.

*February 9—March 10, 1925.*

*Chattel mortgages: On fixtures and stock of goods: Filing: Mortgage valid in part only: Replevin: Return of property on bond: Partial recovery by plaintiff: Costs.*

1. Pool and billiard tables and a steel locker are not furniture or fixtures pertaining to a small stock of cigars, cigarettes, and candy maintained at the same place so as to require the filing of a chattel mortgage thereon with the register of deeds, under sec. 2314, Stats.   p. 310.
2. The chattel mortgage, though not filed as required by sec. 2314, Stats., and hence not valid as to fixtures pertaining to a stock of candy, cigars, and merchandise, is valid as to the pool and billiard tables and a steel locker, since a chattel mortgage may be valid as to a part only of the property conveyed, in the absence of any question of active fraud.   p. 311.

3. In replevin for personal property all of which was returned to defendant upon his giving the requisite bond, the failure of the judgment to expressly determine the title to all the property seized is not error. p. 311.
4. Although plaintiff proved title to only part of the property seized, the taxation of costs in his favor is not error. p. 311.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

In September, 1921, the defendant purchased for his son L. M. Nelson a one-half interest in a pool-room business and equipment then owned by one Biskner, and in March, 1922, conveyed such half interest to his son. In the fall of 1922 the son and Biskner sold such business to the plaintiff. January 2, 1923, plaintiff resold the same to L. M. Nelson and Biskner, taking as part of the purchase price a note for $750 secured by chattel mortgage on the personal property used in said business, which mortgage was filed with the city clerk but not with the register of deeds.

November 2, 1923, L. M. Nelson gave a chattel mortgage on his undivided one-half to the defendant for $2,500, with a covenant against all incumbrances "except those of record." November 10th the defendant bought from Biskner his undivided one-half interest in such property, with a recital in the conveyance that such is free from incumbrances "except those that are a matter of record."

In January, 1924, plaintiff under his chattel mortgage of January, 1923, demanded possession of the property covered thereby from the defendant, who refused. Plaintiff then brought this replevin action. Upon the trial it appeared that in addition to the personal property mentioned in the conveyances above mentioned a stock of cigars, cigarettes, candy, etc., valued at between $200 and $250, was kept as a part of the pool-room business, and from the sale thereof about one quarter of the income of the business produced on account of the frequent turn-over. Such merchandise, however, was not specified in any of said writings.

It was conceded by plaintiff that certain articles of the personal property specified in said instruments, namely, a bar; two showcases; a cash register; malted milk machine; stove and safe, agreed upon to be of about one half of the entire value of $6,000, should be included as part of the furniture and fixtures pertaining to the said cigars and merchandise, and therefore not properly subject to the lien of the plaintiff's mortgage because of failure to comply with the terms of sec. 2314, Stats., requiring, as to such articles, a filing with the register of deeds. The court submitted to the jury the question as to whether or not four pool tables and a billiard table, with respective equipments, and a steel locker included in the aforesaid instruments were also a part of the furniture and fixtures pertaining to the stock of goods and merchandise.

Upon subsequent motions the court changed the jury's answer of "Yes" to such question to "No" and directed judgment for the plaintiff. Defendant appeals from such judgment.

For the appellant there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *Lynn D. Jaseph.*

For the respondent there was a brief by *Sanderson & Stapleton* of Sturgeon Bay, and oral argument by *G. M. Stapleton.*

Eschweiler, J. The trial court was right in holding as a matter of law that the pool tables, the billiard table, and the respective equipments, as well as the steel locker, were not to be considered furniture or fixtures pertaining to the unmentioned stock of cigars, candies, and other merchandise, small in value compared with the property specifically described in the writings and maintained in the pool-room business, and therefore were properly subject to plaintiff's lien.

The distinction between pool and billiard tables as used in a pool-room enterprise and furniture and fixtures pertaining to and necessary in disposing of a small stock of cigars, cigarettes, and candies also maintained at the same place is so clear that it needs no discussion.

That plaintiff's mortgage lien may be valid as to but part of the property included by its terms, there being no question of active fraud involved, is certain. *Eastman v. Parkinson,* 133 Wis. 375, 388, 113 N. W. 649; 11 Corp. Jur. 491.

As to the property here in question, the plaintiff's lien was not lost by reason of failure to file the chattel mortgage with the register of deeds under the terms of the statute involved. *Estate of Dunlap,* 184 Wis. 345, 350, 199 N. W. 387; *Missos v. Spyros,* 182 Wis. 631, 636, 197 N. W. 196.

It is further contended that the judgment must be reversed because it did not expressly determine the question of title to all of the property seized by plaintiff on his writ of replevin, and because costs were allowed to plaintiff although he succeeded in having his special interest to the amount of his chattel-mortgage note with interest established in and to only about one half of the property seized. The defendant, however, denied and contested plaintiff's right to any of the property. The property was returned to defendant upon his giving the requisite bond, and defendant's possession and title cannot, of course, be now questioned by plaintiff. The judgment was in proper compliance with the statute.

Other questions presented are unnecessary to be discussed.

*By the Court.*—Judgment affirmed.